ADJUDGED IN

# THE PREROGATIVE COURT

OF

## THE STATE OF NEW JERSEY.

FEBRUARY TERM, 1901.

---

WILLIAM J. MAGIE, ORDINARY.

ALFRED REED, VICE-ORDINARY.

---

In re WILLIAM S. DEVINE, administrator, &c.

[Filed May 14th, 1901.]

1. Upon an application to an orphans'court by an administrator *cum testamento annexo* for the approval of a sale of testator's lands, made by him under the provisions of the "Supplement to an act entitled 'An act concerning executors and the administration of intestates' estates' [Revision], approved March twenty-seventh, one thousand eight hundred and seventy-four, regulating the sale of lands by administrators with the will annexed, and defining their power," which supplement was approved April 6th, 1888 (*Gen. Stat. p. 1429*), the court may not consider or adjudicate upon a claim that the lands descended to testator's heirs-at-law or were specifically devised by his will and were not within the power of sale conferred by the will.

703

2. But the administrator applying for approval of his sale of testator's lands must establish by proof his right to act as administrator *cum testamento annexo* in this state in order to give jurisdiction to the orphans court.

3. There being no original jurisdiction in the prerogative court to approve such sales by administrators, additional proofs in this court are not admissible, and an appeal from the order of the orphans court must be decided upon the evidence before that court.

4. When the fair value of the land may be affected by adverse claims of title, there should be sufficient proof of the nature and extent of such claims to enable the orphans court to determine whether the sale has been made at a fair price therefor.

On appeal from Atlantic county orphans court.

*Mr. George A. Bourgeois, Jr.,* for the appellants.

*Mr. George A. Vroom* and *Mr. David J. Pancoast,* for the respondent.

MAGIE, ORDINARY.

This is an appeal by persons alleging themselves aggrieved by a decree of the Atlantic county orphans court, dated February 1st, 1900, made under the following circumstances:

The respondent, William S. Devine, filed in that court a petition, verified on December 16th, 1899, setting out that he was the administrator *de bonis non cum testamento annexo* of William Fennel, late of Philadelphia, deceased; that said Fennel died seized of an equitable estate in fee-simple in two tracts of land in Atlantic county; that Fennel died testate, and that by his last will and testament, duly admitted to probate in the State of Pennsylvania, he directed his executors, or the survivor or survivors of them, to sell his estate, both real and personal, and make deeds therefor; that the executors named in said will had died or been relieved of their trusts, and Devine had been appointed sole administrator *de bonis non cum testamento annexo* by the register of wills in Philadelphia, and that an exemplified copy of the will was *about to be filed* in the office of the surrogate of Atlantic county.

The petition further showed that in pursuance of the power of sale contained in Fennel's will, petitioner had, by a written in-

In re Devine.

strument dated August 5th, 1899, contracted to sell the land in Atlantic county to one Chandler for $6,000, to be paid for in cash upon the delivery of the deed, and that said sum was the fair value of said lands.

The prayer of the petition was that the orphans court should approve and confirm the sale upon the terms stated therein, under such conditions as to security as the court should think proper.

When the petition was considered by the orphans court certain persons, who were shown to be heirs-at-law of Fennel, and some of them beneficiaries under his will, appeared and contested the order which Devine asked.

The first ground upon which it was contended by them that Devine was not entitled to the order prayed for was that the lands in question, or the interest which the testator had therein, had either descended to his heirs-at-law or had been devised by his will, so that they were not within the power of sale conferred by said will.

From the opinion of the court below it appears that it was deemed to be established by proofs or admissions (which do not appear in the case) that the lands described in the petition were part of a tract which was purchased many years ago by three persons, viz., William Parker Newlin, Charles Harlan and said Fennel, and paid for by them; that the tract was conveyed to said Harlan, and that all the purchasers had died, Harlan retaining the title to his death. Under the supposed circumstances Fennel was the owner of an equitable title to an undivided one-third of the tract. It was also deemed to be established that Harlan died seized of the legal title to the tract and devised it to one Mary Roberts, who, for the purpose of satisfying the equitable interest which Fennel had in the tract, conveyed to respondent (naming him as administrator of Fennel) a portion of the tract in fee. Assuming that the title to such portion thus vested in respondent, his title was obviously held in trust for Fennel's representatives.

The contention below (and it has been repeated here) was that the will of Fennel operated only upon the real estate of which he died seized, and the personal estate of which he died possessed,

and did not affect the equitable interest in the real estate in question.

The petition of Devine was filed under the provisions of the

"Supplement to an act entitled 'An act concerning executors and the administration of intestates' estates' [Revision], approved March twenty-seventh, one thousand eight hundred and seventy-four, regulating the sale of land by administrators with the will annexed and by the administrators *de bonis non* with the will annexed, and defining their power,"

which supplement was approved April 6th, 1888. *Gen. Stat. p. 1429.* It is settled in this court that, under the provisions of the act in question, an administrator *de bonis non* with the will annexed may make sale of the real estate of testator if the will had conferred power upon the executors named therein to make such sale. *Griggs* v. *Veghte, 2 Dick. Ch. Rep. 187.* The power of such administrator is, however, declared by the act not to be valid until the terms of the sale shall have been submitted to the orphans court of the county in which the lands proposed to be sold lie and approved by said court.

The contention that the interest in the lands in question, which Fennel had, did not pass under his will but descended to his heirs, or (if the will operates thereon) was devised to the parties named therein and was not made the subject of sale by the executors, is, in my judgment, not to be considered. The orphans court, in a matter arising under the act above cited, is not entrusted with jurisdiction to determine the title to testator's lands. Its jurisdiction is restricted to a determination whether the contract of sale made by the administrator shall be approved. When application is made to the orphans court to order lands to be sold for the payments of debts of a deceased owner, no person may intervene and contest the title of the deceased and prevent an order for such sale upon the ground of a lack of such title. *Swackhamer* v. *Kline, 10 C. E. Gr. 503.* In proceedings for partition before the orphans court one claiming the land by title paramount to that of the parties to the partition proceedings, may not object to an order appointing commissioners nor appeal from such order. *Raleigh* v. *Rogers, 10 C. E. Gr. 506.* In this analogous case it is obvious that the action of the court in

approving the terms of the sale reported to it in no respect aggrieves or injures any person having a title by descent from Fennel, or by devise under Fennel's will. If the administrator has no authority to sell, an order of the orphans court will not confer it upon him.

Yet I deem it obvious that the jurisdiction of the orphans court to approve or disapprove of the terms of a sale can only be invoked by one who exhibits by proof a right to make sale, if the will has conferred power of sale upon the executors named therein. If the will is one probated within the state, the applicant must show that he has been duly appointed administrator *cum testamento annexo* by some court having jurisdiction to make such appointment. If the will is a foreign one, it must appear that the applicant has been appointed administrator *cum testamento annexo,* and also that he has taken such proceedings within the state as will give him a right to act within this jurisdiction.

The appellants, or some of them, are beneficiaries named in the will of Fennel, among whom the proceeds of any sale of lands in question will be distributed. They contend that the sale was contracted for at a price below the real value of the land at the time the contract was made and that the land has largely increased in value since then. They could therefore object to the authority of respondent to make the contract of August 5th, 1899, and unless such authority appears they could question the jurisdiction of the orphans court to approve the sale contracted for.

It is impossible to discover any evidence before the court below justifying it in assuming jurisdiction to approve the sale by respondent.

A copy of Fennel's will and its probate in Pennsylvania, duly exemplified under the act of congress, was put in evidence, but that conferred no authority upon the applicant to act in this state.

The opinion below recites an agreement between the proctors that such exemplified copy should be admitted, used and accepted as "filed with the court." But filing such exemplified copy with the orphans court conferred no power on the re-

In re Devine.

spondent. Such power could only be acquired by letters issued under section 23 of the Orphans Court act of 1898, or by filing and recording in the office of the surrogate of the county an exemplified copy of the will, probate and letters (if it thereby appears that the will was executed in accordance with our laws) under section 24 of the last-named act. *P. L. of 1898 p. 715.*

Counsel for the parties have produced before me and consented that it should be considered as part of the record, a certified copy of the record in the surrogate's office of Atlantic county of the will of Fennel, with the proofs and the letters testamentary issued in Pennsylvania to the executor named therein. It is certified to have been filed and recorded in Atlantic county, March 24th, 1900. As the decree appealed from was made February 1st, 1900, this evidence was not presented and was not capable of being presented to the court below.

The power of the court to take or direct the taking of additional proofs to be considered on the hearing of an appeal from an orphans court, is, in my judgment, limited to those causes in which the court has original as well as appellate jurisdiction, as was intimated in *Rusling* v. *Rusling, 9 Stew. Eq. 603;* *Sayre* v. *Sayre, 1 C. E. Gr. 505.* As this court has no original jurisdiction in respect to the approval of such contracts, the appeal from orphans court decrees upon such matters must be determined upon the evidence which was before the court.

It is not improper to suggest to counsel that the certified record from the office of the surrogate seems to be deficient in that it does not exhibit the appointment of respondent as administrator *cum testamento annexo.* To establish respondent's *status* as administrator, the record should show his appointment.

As there was no evidence before the orphans court exhibiting respondent's *status* and right to invoke the judgment of that court, I think jurisdiction to consider the petition failed.

As the question thus disposed of is novel and may not be approved, I deem it proper to express the conclusions I have reached as to the further claim of appellants.

They assert that the sale was below the fair market value of the land on August 5th, 1899, when the contract was made.

Upon this contention evidence of market value after that

In re Devine.

date was not admissible, except so far as it tended to show the value at that date. Increase of value afterwards should have no effect in inducing disapproval of the contract of sale, if it was one proper to be made at the time.

But as to the fair market value at the time of the contract, the evidence is extremely contradictory and unsatisfactory. From the examination of witnesses by counsel, it would seem that there are various claims made to the lands contracted to be sold adverse to the title of Fennel. The nature and extent of such claims are not disclosed by any proof. Since the court is to adjudge whether the terms of sale should be approved, the administrator, seeking confirmation and approval of the sale, should make it appear that the consideration of the sale is fair. He is not bound to make out the exact title which he can convey, but he should put the court in possession of the facts respecting claims upon the title, such as the amount of the lands involved, the general character of the claims and the probabilities, so far as ascertainable, of successful prosecution of the claims. Unless the court has some information on such matters, its judgment that the sale be approved would be mere conjecture. When the administrator knows of such outstanding claims and admits that they affect the market value of the lands, he cannot ask that his contract to sell at a specified price shall be approved without giving the court such proof in respect to the claims as will enable it to adjudge whether the price is fair and should be approved. The court below was not furnished with such proof and in its absence the sale should not have been approved.

For both reasons I think the decree below must be reversed.