The complainant, as vendor, seeks the specific performance of a contract for the sale of land to the defendants, as vendees. The sole defense to this action is the alleged unmarketability of the title to said land. The alleged defect is that a deed from a substituted trustee under a foreign will to complainant's predecessor in title was executed, delivered and recorded prior to the filing and recording of an exemplified copy of said will in the office of the surrogate of the county wherein the land lies. The claim of the defendants is that this is an absolute nullity because the recording of such exemplified copy is a prerequisite under our law to any conveyance of lands of the testator in this state. *Page 168 
Jeremiah Curtis died a resident of the State of New York in 1883 seized of lands in this state which are the subject of said contract. His will was duly admitted to probate on April 18th, 1883. The executors and trustees appointed by the will were given full power of sale of real estate. On January 30th, 1889, Tracy H. Harris was duly appointed by the New York court as substituted trustee under said will, the order of appointment providing that "he shall be vested with all the powers which he would have possessed, and shall be required to perform all the duties to which he would have been subject, had he been named sole executor of and trustee under said last will and testatment." On February 28th, 1901, Harris, as substituted trustee, executed and acknowledged a deed conveying the said lands to Gustavus Maas. This deed was recorded in the Monmouth county clerk's office on March 4th, 1901. A copy of the Curtis will and the order appointing Harris as substituted trustee were exemplified by the surrogate of New York on March 6th, 1901, and on March 9th, 1901, duly filed and recorded in the office of the surrogate of the county of Monmouth. It is this deed to Gustavus Maas, who is the predecessor in title of the complainant, the validity of which is now questioned.
Defendants claim that the substituted trustee should have submitted the sale and conveyance of the lands in question to the orphans court of the county of Monmouth for its approval, and cites in support of this contention sections 13 and 14 of "An act concerning executors and administration of intestates' estates."2 Comp. Stat. p. 2262. It is admitted that no such approval was had. These sections of the act referred to relate exclusively to administrators cum testamento annexo and have no application whatever to the matter here in controversy.
In further support of the defendants' contention that the Harris deed is a nullity, defendants cite section 24 of the Orphans Court act. 3 Comp. Stat. p. 3821; In re Devine, 62 N.J. Eq. 703; In re Carter's Estate, 88 Atl. Rep. 1085, and OceanView Land Co. v. West Jersey Title Co., 71 N.J. Law 600. *Page 169 
Section 24 of the Orphans Court act above referred to is in the form in which it existed at the date of the conveyance attacked. Since that time this section has been several times amended, the last amendment being in 1915, and the section as it now stands appears in 2 Cum. Supp. Comp. Stat. p. 2605. The amendments are here referred to only because it is therein provided that "all conveyances of such real estate heretofore or hereafter made by any * * * substituted trustee * * * shall be as valid as if said will had been admitted to probate and letters testamentary * * * had been issued in this state." It may well be argued that this enactment by the legislature subsequent to the date of the Harris deed validates that conveyance, if any defect therein existed. But it is not necessary to base this decision on that argument. There is nothing in the Orphans Court act which specifically requires the filing and recording of an exemplified copy of the will prior to the execution and recording of a deed of conveyance by the persons authorized by the will to make such conveyance. The act provides for the formality of filing and recording the exemplified copy merely as evidential of the power to make the conveyance. There is no magic in the act of compliance with this formality. The power to convey is derived from the will itself and not by any authority conferred by our act. By the doctrine of relation the subsequent filing and recording of the exemplified copy of the will and order appointing the substituted trustee becomes effective as of the date of the execution of the deed.24 Corp. Jur. 1123; 11 R.C.L. tit. "Executors andAdministrators," 402, 405 §§ 485, 490; Newton v. Bronson,13 N.Y. 587; Tudor v. Tudor (Vt.) 67 Atl. Rep. 539. And indeed, this result has been reached in other jurisdictions even where the statute required that a copy of the foreign will should have been recorded "at the time of such conveyance." Brooks v.McComb, 38 Fed. Rep. 317; Scott v. Blades Lumber Co. (N.C.)56 S.E. Rep. 548; Green v. Alden (Me.), 42 Atl. Rep. 358.
The New Jersey cases cited by counsel for defendants have no application to the present issue, as entirely different questions were there involved. In In re Devine, supra, the *Page 170 
question of the court's jurisdiction and not the power of the executor or trustee was involved. In the Carter Case it was merely held that the general administrator cum testamentoannexo appointed by the foreign court and not the ancillary administrator appointed in this state was the proper person to exercise the power of sale; nor is Ocean View Land Co. v. WestJersey Title Co., supra, opposed to the conclusion at which I have arrived. That case involved the liability of the defendant on a policy of title insurance. It did not involve the question here at issue, and the comments of the court on the Devine Case
should be considered in the light of the jurisdictional question involved in that case.
It should be noted that the rights of intervening third parties are not here involved.
It is not necessary to discuss the application of the various validating acts referred to by counsel for complainant, the last of which is found in P.L. 1916 p. 13, as I am of the opinion, for the reasons above stated, that the conveyance from Tracy H. Harris, substituted trustee, to Gustavus Maas is valid, irrespective of such validating acts, and I will, therefore, advise a decree for the complainant.