[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 312 
John F. McLagan died in 1934, leaving a last will and testament in which he gave to his executor power to sell and convey lands owned by the testator at his death. In September, 1944, Edward E. Mishell, as substituted administrator with the will annexed, presented to the Ocean County Orphans' Court a petition setting forth that *Page 313 
testator had died seized of a tract of 20.02 acres designated as Section No. 9 on a certain map; that "George Carter, or nominee" had offered $3,000 for the premises; that Carter was a licensed, authorized agent, and the sale was subject to the payment to him of a commission of 10 per cent. upon the purchase price. The administrator submitted the terms of the proposed sale to the court for approval and prayed for an order authorizing him to execute a deed of conveyance to Carter, or his nominee, for the said premises and for the consideration named. Such proceedings were had on the petition that the court made an order October 27, 1944, that "the aforesaid sale of land and premises * * * be and the same is hereby approved and confirmed pursuant to the statute in such case made and provided, and the court being satisfied that the said administrator is now under sufficient bonds, no additional security will be required from him."
The matter next came to the attention of the Orphans' Court nearly three years later, on August 22, 1947, when Mrs. Grace Carter filed a petition showing that George Carter was her husband, now deceased, and that she was the sole devisee and executrix of his will. She recited the prior proceeding and set forth that pursuant to the order, McLagan's administrator in January, 1945, had conveyed to one Kirk Cherico a part, but not all, of lot No. 9. She prayed that the court require the administrator to deed to her all of the lot, excepting therefrom so much as had been conveyed to Kirk Cherico. Cherico responded by filing a petition November 11, 1947, alleging that he had negotiated with Carter for the purchase of the premises which Carter represented to contain about 20.02 acres; and that when he accepted the deed, he believed the description to include the whole 20.02 acres. He prayed that the court order the administrator to give him a deed for the land described in the contract.
The two petitions came on for hearing together. From the testimony it appeared that Cherico paid or secured by mortgage the entire consideration of $3,000, and that Carter was concerned only as a broker and that he was paid the agreed commission. The administrator, in explanation of the fact *Page 314 
that he had conveyed to Cherico less than the whole lot, testified that Carter had told him that the land described in the deed was all the purchaser wanted. The Orphans' Court, at the conclusion of the hearing, ordered the administrator to execute a deed to Cherico for the entire lot of 20.02 acres. Mrs. Carter appeals.
The original order approving the sale was made pursuant toR.S. 3:17-13 and 14. The first of these sections vests in a substituted administrator with the will annexed the same power and authority with respect to the sale of real estate of the testator that the original executor had, either as executor or trustee under the will. The other section enacts that no such sale shall be valid until the terms thereof have been submitted to and approved by the Prerogative Court or the Orphans' Court of the county wherein the real estate lies. The Ocean County Orphans' Court exhausted its jurisdiction under this section when it approved the terms of sale and determined that no additional security need be given by the administrator. Beyond that, it had no concern or power. In re Devine, 62 N.J. Eq. 703 (Magie,O., 1901). The statutory grant of jurisdiction was strictly construed in Re Brooks, 106 N.J. Eq. 242 (E. A. 1929).
Mrs. Carter's petition was, in essence, an application for specific performance of her husband's contract for the purchase of real estate, while Cherico's petition was one for reformation of the administrator's deed. The Orphans' Court denied relief to Mrs. Carter and instead of a direct reformation of the deed, ordered a new deed to be given which would contain the proper description. No authorities need be cited to establish that specific performance and reformation are peculiarly subjects of equity jurisdiction. The Orphans' Courts were not courts of equity but were statutory courts and could exercise only such powers as were conferred by statute. In re Alexander,79 N.J. Eq. 226 (E. A. 1911). Indeed, under our old Constitution, the Legislature was without power to grant to the Orphans' Court a jurisdiction that was within the peculiar province of the Court of Chancery. In re Roth's Estate, 139 N.J. Eq. 588, at p. *Page 315 
597 (Prerog. 1947). But in this case the Legislature did not attempt to do so.
The sale by the administrator was not, in any sense, a judicial sale. It was made pursuant to and by virtue of the power contained in the will aided by the statute. If an administrator has no authority from these sources, the Orphans' Court order cannot confer it. In re Devine, supra. Cases such as NationalNewark and Essex Banking Co. of Newark v. Durant Motor Co.,124 N.J. Eq. 213; affirmed, 125 N.J. Eq. 435 (1939), dealing with the court's control over and enforcement of a judicial sale, are without application. Counsel suggest that jurisdiction to enforce the administrator's contract was conferred by R.S. 3:23-3. But the plain words of the section prove the contrary. The Orphans' Court was without jurisdiction of the subject matter of the petitions of Mrs. Carter and Cherico, and its order from which the appeal is taken, is a nullity. In re Alexander, supra;Kaufman v. Smathers, 111 N.J.L. 52 (E. A. 1933). The order will be reversed with the direction to dismiss both petitions. As the appellant gains nothing by the reversal, each party will bear his own costs.
If we could go into the merits, we would say that it appears beyond cavil that Mrs. Carter has no ground for complaint or for relief in any court. Her husband received the commission which he had earned; he paid nothing for the land and was not entitled to a conveyance of it. In order for Cherico to establish a right to the land, he must prove fraud or mistake sufficient to avoid the general rule that acceptance of a deed discharges the vendor from his covenant to convey. Rowley v. Flannelly, 30 N.J. Eq. 612
(Van Fleet, V.C., 1879); Curtis-Warner Corp. v. Thirkettle,99 N.J. Eq. 806; affirmed, 101 Id. 279 (1927). *Page 316