224 N.J. Super. 661 (1988)
541 A.2d 258
JOHN J. BALLARD, JR., PLAINTIFF-APPELLANT,
v.
JOANNA SCHOENBERG, DEFENDANT-RESPONDENT,
v.
JOHN J. BALLARD, JR., EXECUTOR OF THE ESTATE OF JOHN J. BALLARD, SR., THIRD-PARTY DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Argued March 23, 1988.
Decided May 2, 1988.
*663 Before Judges FURMAN, BRODY and LONG.
David Feinsilver argued the cause for appellant (Feinsilver & Associates, attorneys; Patrick Collins on the brief).
Joel Kessler argued the cause for respondent (Landi & Kessler, attorneys).
The opinion of the court was delivered by FURMAN, P.J.A.D.
In an action for possession of a 13 acre farm property, defendant counterclaimed for specific performance of an oral undertaking by decedent John Ballard, Sr. in 1960 that he would devise the farm to her if she did the farm work and carried on the farm business in all its aspects during his remaining lifetime. He died in 1984. From judgment in favor *664 of defendant, plaintiff appeals in his capacities as executor of his late father's estate and as devisee and legatee under his father's will executed in 1975. We affirm.
Plaintiff advances four arguments on appeal:[1]
POINT I: THE DEFENDANT FAILED TO MEET THE REQUIRED STANDARD OF PROOF AS TO THE EXISTENCE OF THE PROMISE OR AGREEMENT UPON WHICH SHE ALLEGEDLY RELIED.
POINT II: THE TERMS OF THE ALLEGED AGREEMENT OR PROMISE ITSELF WERE NOT SUFFICIENTLY DEFINITE AND CERTAIN SO AS TO RENDER THE ALLEGED AGREEMENT OR PROMISE ITSELF ENFORCEABLE. HENCE, A REVERSAL IS MANDATED.
POINT III: THE LOWER COURT ERRED IN ORDERING ENFORCEMENT OF THE ALLEGED AGREEMENT OR PROMISE WITHOUT MAKING A FINDING THAT THE ALLEGED CONSIDERATION WAS EXCLUSIVELY REFERABLE TO THE AGREEMENT OR PROMISE.
POINT IV: THE LOWER COURT COMMITTED REVERSIBLE ERROR IN STRIKING THE DEFENDANT'S JURY DEMAND OVER THE PLAINTIFF'S OBJECTION.
We affirm on the first two issues substantially for the reasons stated by Judge Peskoe in her letter opinion of October 28, 1986. Her findings of fact are supported by ample credible and competent evidence in the record and, thus, are binding on appeal; we defer to her evaluation of the respective witnesses' credibility. See Rova Farms Resort v. Investors Ins. Co., 65 N.J. 474, 484 (1974).
We add the following with reference to plaintiff's specific arguments in his first two points. Judge Peskoe applied the applicable burden of proof under the Dead Man's Act, N.J.S.A. 2A:81-2, that is, clear and convincing proof. On this record there is no basis to reverse on the law her conclusion that defendant sustained that burden of proof. We agree with Judge Peskoe's delineation of the terms and scope of decedent's oral undertaking: decedent would leave the farm property to *665 defendant if, without remuneration except room and board, she did what was necessary to manage the farm property during his remaining lifetime, including farm work, animal care, housekeeping, laundry, maintenance and repair of the property, financial transactions and bookkeeping. Defendant rendered those services continuously from 1960 to 1984.
As the trial judge did, we view as immaterial decedent's omission of other preconditions for the enforcement of his oral undertaking, e.g., that defendant meet a minimum work schedule and live continuously on the farm; and his not setting out other details, e.g., the number of animals defendant was to care for, and defendant's obligation, if any, if decedent decided to expand his farm business by growing crops for the market. Defendant's remedy should not be denied because the services to be rendered by her were not more narrowly detailed.
We also view as immaterial defendant's failure to take any legal action or otherwise object in 1977, after 17 years' performance on her part, when decedent sold off 16 acres of what had been his 29 acre farm property, retaining only 13 acres. Defendant is not barred by waiver or estoppel because she has limited her claim, based upon decedent's oral undertaking, to the farm property of which he was owner in fee at his death. She sought specific performance of an agreement, arising from decedent's oral undertaking and her performance in reliance, that decedent would devise her his farm property as it existed at his death, irrespective of any prior partition. Contrary to plaintiff's contentions, there was no fatal inconsistency or prima facie detrimental reliance by the decedent on defendant's waiver of any claim to the farm property as it existed in 1960. Whether or not defendant had a right to block the 1977 sale, by failing to assert such right defendant, under the circumstances of this appeal, has not waived and is not estopped from asserting her claim to the remaining 13 acres.
While affirming substantially for the reasons stated in the opinion below, we express disagreement with the terminology *666 used by the trial judge in defining defendant's cause of action as one to enforce a promissory estoppel. Because specific performance of a contract was awarded, the deviation in terminology is immaterial. The contract specifically enforced was unilateral: an undertaking by decedent to compensate in his will for the performance of services by defendant, if rendered; and performance in fact by defendant in reliance upon decedent's undertaking. Decedent bargained for defendant's services; his estate is contractually bound. Klockner v. Green, 54 N.J. 230 (1969).
Promissory estoppel is a closely related equitable doctrine, not itself a cause of action ex contractu, supplanting or obviating other proof of consideration. Under promissory estoppel, a promisor is barred from denying enforceability of his promise for lack of consideration under the circumstances set out in The Malaker Corp. v. First Jersey National Bank, 163 N.J. Super. 463, 479 (App.Div. 1978), certif. den. 79 N.J. 488 (1979).
Four separate factual elements must be proved prima facie to justify application of the doctrine [of promissory estoppel]. They are: (1) a clear and definite promise by the promisor; (2) the promise must be made with the expectation that the promisee will rely thereon; (3) the promisee must in fact reasonably rely on the promise, and (4) detriment of a definite and substantial nature must be incurred in reliance on the promise.
See also 1 Restatement, Contracts 2d, § 90 at 242 (1979).
Plaintiff's third issue is that the trial judge committed reversible error in enforcing decedent's oral undertaking without making a finding that the alleged consideration was exclusively referable only to that undertaking. Plaintiff cites no pertinent authority in support of his contention. The settled law is to the contrary. Performance may be only partially, not necessarily exclusively, in reliance upon an offer of compensation. Klockner v. Green, supra, affirmed summary judgment of specific performance in favor of a stepson and stepgrand-daughter who attended to the needs of an elderly woman in return for her promise that she would leave them her estate, *667 including real property, in her will. She failed to do so. The Supreme Court, in upholding enforcement of the unilateral contract, stated at 54 N.J. 234-235:
Although we recognize that alleged agreements to make a particular disposition of one's estate must be subjected to close scrutiny, we have no doubt that decedent here intended to obligate herself to bequeath her property to plaintiffs so long as they continued to serve her as they had prior to her promise. Such a promise, when acted upon, becomes a binding obligation. Decedent bargained for plaintiffs' services and obligated herself to bequeath the property to them when they performed. See 1 Corbin, Contracts, § 63 (1963).
The performance of plaintiffs need not have been induced solely by the offer of compensation. In the Restatement of Contracts, § 55 (1932), it is indicated that if an act is requested by the offeror as consideration for a unilateral contract, the act need only be given with the intent of accepting the offer.
Plaintiff's final issue that he was deprived of a right to a jury trial is likewise without merit. Procedurally, his assertion of that right was timely under R. 4:35-1(d). His complaint was at law for possession of decedent's farm property, but without a jury demand. Defendant counterclaimed against plaintiff as beneficiary of his father's estate and impleaded him as executor by third party complaint, seeking specific performance, an equitable remedy, and damages in quantum meruit, a legal remedy. She appended a jury demand. Before the start of the trial in the Law Division, she moved to withdraw her jury demand. As he was entitled to under R. 4:35-1(d), plaintiff objected. He pressed his demand for a jury trial only on the issues raised in the counterclaim: "oral agreement" and quantum meruit. Judge Peskoe ruled against him, holding in accordance with R. 4:35-1(d) that "a right of trial by jury of some or all of those issues does not exist." Plaintiff was in no way prejudiced by the denial of a jury trial on the issue of quantum meruit, which was never reached.
Plaintiff's claim to a right to a jury trial on the issue of specific performance of a unilateral contract mistakes the constitutional guarantee in this state. The New Jersey Constitution of 1947 provides: "The right of trial by jury shall remain inviolate." N.J. Const. (1947), Art. I, par. 9. By long established precedent, the right of trial by jury is that existing at *668 common law in 1776 when the first New Jersey Constitution was adopted. Montclair v. Stanoyevich, 6 N.J. 479, 488 (1951). In 1776 specific performance was an equitable cause of action without a common law right to trial by jury. Brown v. Brown, 33 N.J. Eq. 650, 656-657 (E. & A. 1881); Carter v. Mishell, 4 N.J. Super. 310, 314 (App. Div. 1949).
Plaintiff nevertheless argues that the existence of an enforceable contract is a legal, not an equitable, issue and that he was entitled upon his timely demand to a jury resolution as to whether decedent's estate is contractually bound to defendant. That argument is groundless. The right to a jury trial attaches to causes of action and not to issues. The existence and enforceability of a contract are issues to which a right to trial by jury attaches in a legal action for damages for breach of contract. In an equitable action for specific performance equity historically resolves whether there is a legal contract and, if so, whether it is enforceable. Brown, supra, 33 N.J. Eq. at 656-657; Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 516, 79 S.Ct. 948, 959-960, 3 L.Ed.2d 988, 1000-1001 (1959) (Stewart, J. dissenting on other grounds); 1 Pomeroy, Equity Jurisdiction, (5th ed. 1941), § 138 at 189-190.
Plaintiff relies upon language in Fleischer v. James Drug Stores, 1 N.J. 138, 150 (1948), that equity may settle legal rights "except where the jurisdiction depends on the prior establishment of a right at law." That language is not support for his argument. Its evident applicability is limited to equitable causes of action which do not arise until there has been a final adjudication of a legal cause of action, e.g., indemnity for proven damages in tort. Plaintiff argues for a limitation on equity jurisdiction unknown in 1776 that equity, which had no jury system in 1776, must accede to a demand for a jury trial in a specific performance suit if the existence and enforceability of the underlying contract is in dispute. We reject that interpretation of Art. I, par. 9 of the State Constitution as untenable.
See generally Fleischer, supra, 1 N.J. at 150:

*669 The constitutional right of trial by jury is, of course, subject to this inherent equitable jurisdiction. Equity has a general jurisdiction to adjudicate ancillary and incidental matters. This jurisdiction is co-extensive with the rights of the parties in the subject-matter of the suit. 30 C.J.S., Equity (1942), section 67. It may, in the exercise of a sound discretion, do whatever is necessary to a final adjudication of the entire controversy between the parties, whether it encompasses an action ex delicto or one ex contractu.

We affirm.
NOTES
[1] Recognizing that decedent's oral undertaking antedated by approximately eighteen years the effective date of N.J.S.A. 3B:1-4, plaintiff raises no issue of the applicability of that statute, which bars enforcement prospectively of oral undertakings to devise real property upon performance of services during the feeholder's lifetime.