245 N.J. Super. 252 (1991)
584 A.2d 875
FRANCIS S. ANDRIANI, PLAINTIFF-APPELLANT,
v.
NEW JERSEY MANUFACTURERS INSURANCE COMPANY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 30, 1990.
Decided January 14, 1991.
*253 Before Judges PRESSLER, DEIGHAN and BAIME.
Dennis A. Maycher argued the cause for appellant (Maycher & Molinelli, attorneys; Dennis A. Maycher on the brief and reply brief).
George W. Connell, of Counsel, argued the cause for respondent (Connell, Foley & Geiser, attorneys; Frank A. Lattal on the brief).
The opinion of the court was delivered by DEIGHAN, J.A.D.
Plaintiff Francis Andriani appeals from the entry of a judgment in favor of defendant New Jersey Manufacturers Insurance Company (NJM) finding that he did not meet his burden of showing by clear and convincing evidence that NJM failed to meet its statutory and regulatory obligation to notify plaintiff of the available insurance coverage options under its renewal policy.
Plaintiff sustained injuries on July 3, 1985 when, as a pedestrian, he was struck by an automobile operated by a driver with only minimum $15,000/$30,000 automobile insurance coverage. Although plaintiff carried $300,000 in liability coverage, his policy had only $35,000 underinsurance (UIM) endorsement with additional basic personal injury protection benefits. The *254 extent of plaintiff's injuries exceeded his UIM coverage. The question raised on appeal is whether NJM is responsible, either directly or through its customer service representatives (CSRs), for plaintiff not having more extensive UIM coverage, and if so, whether plaintiff's policy should be reformed to provide such coverage.
NJM provided automobile insurance coverage to plaintiff since 1976. Because NJM is a direct-writing insurer, plaintiff had no direct contact with a broker or agent. His contact with NJM was through its CSRs. He maintains that throughout his relationship with NJM, he always had asked the CSRs for "the best possible coverage."
The policy at issue was a renewal policy for a one-year term commencing on March 1, 1985. The policy year at issue was governed by the New Jersey Automobile Insurance Freedom of Choice and Cost Containment Act of 1984, N.J.S.A. 17:28-1 to -7, which required NJM to offer minimum UIM coverage and to offer that option directly to its insureds. The policy also was governed by the statutory and regulatory notice requirements prescribed in N.J.S.A. 39:6A-23 and N.J.A.C. 11:3-15.1 to -15.11, respectively, which mandate that NJM mail its insureds a standardized Buyer's Guide to insurance and a coverage selection form. Although plaintiff had an option to purchase a $300,000 matching limit of UIM coverage, he opted for only $35,000 in such coverage. He contends that defendant, through its CSRs, negligently failed to fulfill his request that he have the "best possible insurance."
In a bench trial, the Hon. James H. Dowden, J.S.C., found that "Defendant has made every reasonable as well as obligatory effort to keep this Plaintiff advised of his coverage rights and options. Further I find that Plaintiff has chosen not to have the coverage for underinsured coverage beyond the minimum."[1] *255 Also, despite plaintiff's contention to the contrary, the trial judge found that plaintiff never requested the "best coverage available."
Judge Dowden found that CSRs do not recommend coverage, give advice as to insurance needs, sell insurance, counsel the insureds or urge them to increase or decrease their coverage. Their sole purpose is to answer inquiries and incidentally update records.
On appeal plaintiff contends: (1) NJM, a direct-writing insurer, owes the same duty of care as an agent or broker; (2) the function of NJM is governed by Sobotor v. Prudential Property & Casualty Insurance Co., 200 N.J. Super. 333, 491 A.2d 737 (App.Div. 1984); (3) NJM failed to abide by the standards imposed upon insurance agents and brokers; (4) plaintiff is entitled to reformation of the UM/UIM coverage; (5) public policy requires that insureds are entitled to an informed choice of options; (6) the trial court erred by denying plaintiff a jury trial; and (7) the exclusion of the supplemental report of plaintiff's expert prejudiced plaintiff's ability to present by clear and convincing evidence proof of NJM's bad faith dealings.
We affirm essentially for the reasons stated by Judge Dowden in his oral opinion delivered on September 19, 1989. However, we add the following comments.
Despite plaintiff's claim to a right to a jury trial, we are satisfied that the nature of his cause of action is reformation of his insurance policy, therefore, he is not entitled to a jury trial. See Ballard v. Schoenberg, 224 N.J. Super. 661, 667-68, 541 A.2d 258 (App.Div.), certif. denied, 113 N.J. 367, 550 A.2d 473 (1988). Although plaintiff pleads negligence, his cause of action is grounded in reformation, which is purely an equitable *256 action. Asbestos Fibres, Inc. v. Martin Laboratories, Inc., 12 N.J. 233, 239, 96 A.2d 395 (1953); New York Sash & Door Co. v. National House and Farms Ass'n, 131 N.J.L. 466, 471, 36 A.2d 891 (E. & A. 1944). The consolidation under N.J. Const. of 1947 art. VI, § 111, paras. 2, 3 and 4 and art. XI, § IV, para. 3, of law and equity jurisdiction in the Superior Court does not "give absolute rights to trial by jury, nor do they justify deviation from the rules." Asbestos Fibres, Inc., 12 N.J. at 239, 96 A.2d 395. See Weinisch v. Sawyer, 237 N.J. Super. 195, 201, 567 A.2d 259 (App.Div. 1989), certif. granted, 121 N.J. 658, 583 A.2d 345 (1990). Further, the right to a jury trial attaches to causes of action, not issues. Ballard, 224 N.J. Super. at 668, 541 A.2d 258.
Reformation, like specific performance, was an equitable cause of action without a common law right to trial by jury at the time of adoption of the New Jersey Constitution of 1776. Id. at 667-68, 541 A.2d 258 (citing Montclair v. Stanoyevich, 6 N.J. 479, 488, 79 A.2d 288 (1951). Although the New Jersey Constitution of 1947 provides that the "right of trial by jury shall remain inviolate," N.J. Const. of 1947 art. I, para. 9, plaintiff's cause of action in essence seeks to reform the insurance policy, therefore, he is not entitled to a trial by jury. Although "reformation of a policy of insurance is not a final remedy ... it establishes the real contract, and thus enables the assured to recover the amount actually due according to the terms of that contract." IV S. Symons, Pomeroy's Equity Jurisprudence § 1375, at 999 (5th ed. 1941).
In Weinisch v. Sawyer, plaintiff asserted a separate cause of action in negligence against his agent of Allstate. 237 N.J. Super. at 196, 567 A.2d 259. The court held that although plaintiff sought reformation of the contract, he had a right to a jury trial of his negligence claim. Id. at 201-02, 567 A.2d 259.
Here, we are not concerned with the alleged negligence of an agent. Because there is no broker or agency relationship involved, the duty owed to plaintiff is that owed by *257 an insurer to its insured. In this respect, NJM fulfilled its statutory duty by mailing the coverage selection form and Buyer's Guide.
In view of the findings of the trial judge that NJM notified plaintiff of his coverage rights and options and that plaintiff never requested the "best insurance available," we need not discuss plaintiff's remaining issues.
Affirmed.
NOTES
[1] Plaintiff has now abandoned his "trial argument that he failed to receive the Buyer's Guide and Choice Selection form per N.J.S.A. 17:28-1.1 et seq. and N.J.S.A. 39:6A-23, respectively."