**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3620-21

IN THE MATTER OF THE
ESTATE OF VICTOR
WASOWICZ,

     Deceased.

_____

Submitted October 23, 2023 – Decided November 21, 2023

Before Judges Marczyk and Vinci.

On appeal from the Superior Court of New Jersey, Chancery Division, Probate Part, Middlesex County, Docket No. 277224.

J. Lynn DeGillo, appellant pro se.

Respondent Estate of Victor Wasowicz has not filed a brief.

PER CURIAM

In this one-sided appeal, plaintiff pro se J. Lynn DeGillo appeals from the trial court's June 7, 2022 order dismissing her complaint with prejudice. Based on our review of the record and the applicable legal principles, we affirm.

From 1971 to 1987, decedent Victor Wasowicz had a relationship with plaintiff's mother, though they never married. Plaintiff asserts she developed a close "father [] daughter" type relationship with decedent. In 1987—after decedent's relationship with plaintiff's mother ended—plaintiff unexpectedly bumped into decedent in the parking lot of a supermarket. Plaintiff alleges decedent told her he wanted her to have everything he owned in exchange for plaintiff promising she would take care of her mother and planting a tree in his memory. Plaintiff contends they "formed an oral agreement contract . . . akin to a will." However, there was no action taken to memorialize the contract because, according to plaintiff, decedent "was a practical man; a dutiful man; a man who detested lawyers and believed 'the system' to be greedy . . . ."

Decedent passed away intestate in 2022. Decedent's estate was to be divided between his two intestate heirs. However, plaintiff filed suit against the estate, arguing she was the only person entitled to decedent's estate because of their oral agreement in 1987—thirty-five years earlier. Plaintiff also objected to the division of the assets on the basis that she believed there to be no living descendants of decedent's brother.

At the hearing in June 2022, the trial court denied plaintiff's motion to transfer the matter to the Civil Part of the Law Division. The court noted, "this

2

is a [p]robate matter . . . that would only be appropriate for the Probate Court . . . ."  In an order dated June 7, 2022, the trial court dismissed plaintiff's complaint with prejudice because plaintiff lacked standing, as she was not biologically or legally related to decedent.  The trial court also noted that even if plaintiff had standing, her contention there was an oral will is inconsistent with N.J.S.A. 3B:3-2(a)(1).  Furthermore, because plaintiff lacked standing and was not an interested party concerning decedent's intestate estate, the court declined to address plaintiff's argument that the court-appointed attorney for the estate had incorrectly identified decedent's nieces as the intestate heirs.  This appeal followed.

Plaintiff alleges the trial court erred in dismissing her complaint for lack of standing.  She further argues the court misinterpreted her breach of contract claim and that the court failed to properly consider the standard for dismissal under Rule 4:6-2.  More particularly, plaintiff relies on Ballard v. Schoenberg, 224 N.J. Super. 661 (App. Div. 1988), for the proposition she and decedent entered into an enforceable oral contract and that she was entitled to his intestate estate.[1]

---

[1] Plaintiff also relies on In re Estate of Roccamonte, 174 N.J. 381 (2002).  That matter involved a palimony case which is unrelated to the claims in this matter.

Our review of orders that dismiss claims for lack of standing is de novo. Courier-Post Newspaper v. Cnty. of Camden, 413 N.J. Super. 372, 381 (App. Div. 2010). We also review a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 4:6-2(e) de novo. Baskin v. P.C. Richard & Son, LLC, 246 N.J. 157, 171 (2021) (citing Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl, P.C., 237 N.J. 91, 108 (2019)). "A reviewing court must examine 'the legal sufficiency of the facts alleged on the face of the complaint,' giving the plaintiff the benefit of 'every reasonable inference of fact.'" Ibid. (quoting Dimitrakopoulos, 237 N.J. at 107). Courts should search the complaint thoroughly "and with liberality to ascertain whether the fundament of a cause of action may be gleaned even from an obscure statement of claim, opportunity being given to amend if necessary." Ibid. (quoting Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989)). But "if the complaint states no claim that supports relief, and discovery will not give rise to such a claim, the action should be dismissed." Ibid. (quoting Dimitrakopoulos, 237 N.J. at 107).

Plaintiff essentially advances two claims regarding the nature of the agreement with decedent. Her primary claim is that she had a contract with decedent—distinct from a will. She also argues, however, her agreement with

decedent was "akin to a will." The trial court viewed plaintiff's argument regarding the contract as "a will in disguise." We address both contentions below.

To the extent plaintiff asserts her agreement with decedent was akin to a will or an oral will, we note under New Jersey law:

> [A] will shall be:
>
> (1) in writing;
>
> (2) signed by the testator or in the testator's name by some other individual in the testator's conscious presence and at the testator's direction; and
>
> (3) signed by at least two individuals, each of whom signed within a reasonable time after each witnessed either the signing of the will as described in paragraph (2) or the testator's acknowledgment of that signature or acknowledgment of the will.
>
> [N.J.S.A. 3B:3-2(a)(1)-(3).]

The term "'will' . . . includes every species of testamentary act, which takes its effect from the mind of the testator, requiring a sound and disposing mind and capacity, and manifested by the proper execution of an instrument in writing . . . ." In re Est. of Sapery, 28 N.J. 599, 607 (1959) (emphasis added). Here, plaintiff argues decedent made an oral contract—akin to a will—to devise everything he owns to her upon his death. However, it is undisputed there is no

5

evidence of any written will, let alone a document signed by decedent related to the purported promise. Accordingly, the trial court did not err in finding there was no valid claim asserted based on any oral will.

We now turn to plaintiff's primary argument that her agreement with decedent was not a will, but rather an oral contract. The trial court did not squarely address this argument. Although we agree with the court that plaintiff's complaint should have been dismissed, we do so, in part, for a different reason noted below.[2]

Plaintiff argues the trial court erred in dismissing her complaint for lack of standing based on her oral agreement with decedent in which he promised to give her everything he owned upon his death in return for her caring for her mother and planting a tree when decedent died. She contends this agreement was enforceable and is analogous to the oral contract in Ballard, 224 N.J. Super. 661. Plaintiff's reliance on Ballard, however, is misplaced. There, in an action for possession of a thirteen-acre farm, the defendant, a former farm worker for the decedent, alleged the decedent orally promised—in 1960—he would devise

---

[2] An order will be affirmed on appeal if it is correct, even if we do not adopt the specific reasoning of the trial judge. State v. McLaughlin, 205 N.J. 185, 195 (2011) (citing Isko v. Plan. Bd. of the Twp. of Livingston, 51 N.J. 162, 175 (1968)).

the farm to her if she did the farm work and carried on the business of the farm during his lifetime. Id. at 663. Decedent died in 1984, and litigation ensued between the executor of the estate and the defendant. Ibid. We ultimately affirmed the trial court's judgment in favor of the defendant, enforcing the contract. Ibid. Importantly, however, we specifically noted, "[r]ecognizing that decedent's oral undertaking antedated by approximately eighteen years the effective date of N.J.S.A. 3B:1-4, plaintiff raises no issue of the applicability of that statute, which bars enforcement prospectively of oral undertakings to devise real property upon performance of services during the feeholder's lifetime." Id. at 664 n.1. That is, we were mindful that oral promises such as the one alleged by plaintiff in this appeal, after the effective date of N.J.S.A. 3B:1-4, would be subject to a different analysis.

N.J.S.A. 3B:1-4 requires proof of a writing regarding contracts made to devise property.[3] Specifically, the statute provides:

> A contract to make a will or devise, or not to revoke a will or devise, or to die intestate, if executed after September 1, 1978, can be established only by (1) provisions of a will stating material provisions of the contract; (2) an express reference in a will to a contract and extrinsic evidence proving the terms of the

---

[3] We further observe that N.J.S.A. 3B:1-4 applies to "testamentary disposition of real or personal property" pursuant to N.J.S.A. 3B:1-1.

contract; or (3) a writing signed by the decedent evidencing the contract. . . .

The oral promise plaintiff seeks to enforce here was made in 1987, subsequent to the effective date of N.J.S.A. 3B:1-4. Because decedent passed away without a will or any writing evidencing the alleged oral contract with plaintiff, we conclude plaintiff failed to satisfy the requirements of N.J.S.A. 3B:1-4. Because oral promises for testamentary disposition are unenforceable under N.J.S.A. 3B:1-4, the trial court did not err in dismissing plaintiff's complaint.

To the extent we have not specifically addressed any of plaintiff's remaining arguments, we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3620-21